## T. A. BURBA v. STATE.

No. A-3878.  Opinion Filed June 11, 1921.
(198 Pac. 516.)

(Syllabus.)

Appeal and Error—Time for Appeal—Misdemeanor—Procedure.
In misdemeanor cases the appeal must be taken within 60 days

after the judgment is rendered, provided, however, that the trial court or judge may for good cause shown extend the time in which an appeal may be taken, not exceeding 60 days. In such cases the appeal is taken by filing in this court a petition in error with case-made attached, or transcript of the record, together with proof of service of notices of appeal as required by statute, and when this is not done within the time prescribed by Procedure Criminal (section 5991, Rev. Laws 1910), this court does not acquire jurisdiction of the appeal, and such an appeal will be dismissed.

Appeal from County Court, Tillman County; W. H. Hussey, Judge.

T. A. Burba was convicted of abandoning his family, and he appeals. Appeal dismissed.

R. C. Searcy, for plaintiff in error.

S. P. Freeling, Atty. Gen., W. C. Hall, Asst. Atty. Gen., and F. H. Hurst, Co. Atty., for the State.

DOYLE, P. J. On March 22, 1919, an information was filed in the county court of Tillman county charging appellant, T. A. Burba, with the crime of abandoning his wife and minor children. Upon his trial he was convicted and his punishment fixed at a fine of $500. From the judgment rendered in pursuance of the verdict on the 11th day of May, 1920, an appeal was attempted to be taken by filing in this court on November 12, 1920, a petition in error with case-made.

Counsel for the state has filed motion to dismiss the appeal herein for the reasons following:

"(1). That no notice as required by law was served upon the clerk of the trial court, by the plaintiff in error, of his intention to appeal to the Criminal Court of Appeals.

"(2). That no notice as required by law was served upon the county attorney of the county where said cause was tried, by the plaintiff in error, of his intention to appeal to the Criminal Court of Appeals.

"(3). That the plaintiff in error herein failed to serve

his case-made on the county attorney and associate counsel and file same in this court within the time required by law, to wit: The said plaintiff in error, T. A. Burba, was convicted of a misdemeaner in the county court of Tillman county on the 11th day of May, 1920, and served his case-made on the county attorney of Tillman county on the 10th day of September, 1920, more than 120 days from the rendition of the judgment in the case, and filed said case-made at some later date."

Our Code of Criminal Procedure provides:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days." Section 5991, Rev. Laws.

This court has uniformly held that, in order to confer jurisdiction on this court to review a judgment appealed from, the appeal must be taken within the time prescribed by the statute. When an appeal is not perfected by filing in this court a petition in error with case-made attached, or an authenticated transcript of the record, together with proof of service of notices of appeal, as required by section 5992, Rev. Laws, or in lieu of such notices the record to show the issuance and service of summons in error, or the waiver of the issuance of the same by the Attorney General within the time prescribed by the statute, this court does not acquire jurisdiction of the appeal, and such appeal will be dismissed.

For the reason stated, the motion to dismiss the appeal is sustained, and the cause remanded to the county court of Tillman county, with direction to enforce the judgment and sentence.

Mandate forthwith.

MATSON and BESSEY, JJ., concur.